PEOPLE v GEE

Docket No. 60769. Decided May 18, 1979. On request by the defendant for review of the record the Supreme Court, in lieu of granting leave to appeal, reversed the defendant's conviction and remanded for a new trial.

Robert E. Gee was convicted in Muskegon Circuit Court, Charles A. Larnard, J., of first-degree criminal sexual conduct. The trial court admitted into evidence as an "excited utterance", over the defendant's objection, testimony by the complainant's boyfriend of statements which she made to him concerning the rape the day after it occurred. The Court of Appeals, M. J. Kelly, P.J., and M. F. Cavanagh and Rood, JJ., affirmed in a memorandum opinion (Docket No. 29979). Defendant requests review of the record. *Held:*

1. To come within the excited utterance exception to the hearsay rule, a statement must meet three criteria: 1) it must arise out of a startling occasion, 2) it must be made before there has been time to contrive and misrepresent, and 3) it must relate to the circumstances of the startling occasion. On the facts in the record, the statement of the complainant to her boyfriend did not meet the second criterion in that it was not made before there was time to contrive and misrepresent. The 12- to 20-hour lapse between the event and the statement was enough time for consideration of self-interest. There is no plausible explanation for the delay which would excuse it and permit an extension of the excited utterance exception to the hearsay rule to these facts.

2. The error cannot be said to have been harmless because, as in most criminal sexual assault cases, the testimony concerning the event was one-to-one, complainant versus defendant. Any corroborating evidence on either side could tip the scales. In addition, the trial judge strongly suggested in ruling on the question of admissibility that the testimony of the boyfriend made the testimony of the complaining witness more credible; the scales were tipped in favor of the prosecution.

The conviction is reversed and the case is remanded for a new trial.

Robert E. Gee, *in propria persona.*

Per Curiam. The defendant asks us to decide whether the trial judge in a criminal sexual assault case erred in allowing testimony under the excited utterance exception to the hearsay rule by the complainant's boyfriend as to what complainant told him about the alleged assault 12 hours after the assault.

## I

The complainant met the defendant at a party at the home of mutual friends. They had met before, but were only slightly acquainted.

At about midnight the complainant accepted the defendant's offer of a ride home, as did two other persons at the party. The defendant dropped off the other two, but did not take the complainant directly home, in spite of her request that he do so. After driving around for awhile, the complainant became fearful. The defendant then stopped in a rural area. The two eventually engaged in sexual intercourse; the complainant claimed it was against her will and accomplished by physical force while the defendant claimed it was by mutual consent. After the intercourse, the defendant drove the complainant to her home.

The defendant was charged with first-degree criminal sexual conduct. MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). He was convicted as charged after a nonjury trial.

## II

The complainant's boyfriend was called as a prosecution witness. He testified that he saw the complainant the day after the event when she

arrived at a friend's apartment between noon and 1 p.m. Thus, by the boyfriend's account, this conversation occurred about 12 hours after the episode with the defendant.[1]

Before any testimony about what the complainant told her boyfriend, defense counsel objected. The prosecutor responded that anything she told her boyfriend would be admissible under the excited utterance exception to the hearsay rule. The trial judge instructed the prosecutor that before he would admit testimony about the complainant's statements to her boyfriend, a better foundation on which to claim the exception would have to be made.

The witness testified that when his girlfriend showed up at the apartment she was upset and "crying a little bit". She first acted as if she didn't want to talk about what was troubling her, but then in response to his questions told him what happened the night before.

Defense counsel again objected to any testimony about specific statements made by the complainant to her boyfriend. After further argument the trial judge ruled that he would allow the testimony, but he reserved any ruling on whether he would actually consider the testimony in his capacity as fact finder.

The testimony of the boyfriend corroborated the complainant's version of the episode with the defendant.[2]

After this testimony the trial judge ruled that he would "receive and accept the story or narrative related by [the complainant] to Mr. Jackson

---

[1] The complainant testified that she did not see her boyfriend until the evening of the next day, about 20 hours after the episode with the defendant.

[2] The boyfriend said she related the story over a 4-1/2 hour period and that she cried for about an hour of that time.

[the boyfriend]". He found the statement to be a spontaneous or excited utterance and that the time lapse between the startling event and the complainant's recitation to her boyfriend did not preclude the testimony. Because the complainant's trial testimony was essentially similar to what the boyfriend said she told him the day after the incident, the judge concluded that the statement was not contrived or the product of reflection.

## III

Otherwise objectionable hearsay testimony may be admissible if it amounts to an excited utterance. An excited utterance is defined as:

"A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." MRE 803(2).[3]

To come within the excited utterance exception to the hearsay rule, a statement must meet three criteria: (1) it must arise out of a startling occasion;[4] (2) it must be made before there has been time to contrive and misrepresent; and (3) it must relate to the circumstances of the startling occasion. *People v Cunningham,* 398 Mich 514, 519; 248 NW2d 166 (1976), citing *Rogers v Saginaw B C R Co,* 187 Mich 490, 493-494; 153 NW 784 (1915).

## IV

Based on the facts in the record, we hold that

---

[3] While the Michigan Rules of Evidence were not in effect when this case was tried, this definition is not a departure from the law as it existed in 1976.

[4] Startling enough to produce nervous excitement and to render the utterance spontaneous and unreflecting.

the statement of the complainant to her boyfriend did not meet the second criterion in that it was not made before there was time to contrive and misrepresent.[5] The 12- to 20-hour lapse between event and statement was enough time for consideration of self-interest. There is no plausible explanation for the delay which would excuse the delay and permit an extension of the excited utterance exception to the hearsay rule to these facts.[6]

On these facts it was error to allow the hearsay testimony of the boyfriend. The error cannot be said to have been harmless in this nonjury trial because, as in most criminal sexual assault cases, the testimony concerning the event was one-to-one, complainant versus defendant. Any corroborating evidence on either side could tip the scales. In addition, the trial judge strongly suggested in ruling on the question of admissibility that the testimony of the boyfriend made the complainant's testimony more credible; the scales were tipped in favor of the prosecution.

Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the defendant's conviction and remand this case for new trial.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[5] The boyfriend was not even the first person the complainant claimed to have told of the event. She testified that the morning after she told her nursing instructor about it. The instructor was not called as a witness.

[6] By her own testimony the complainant admitted that in the interval between the alleged rape and her conversation with her boyfriend she had spoken to a number of persons and gone to school (she was a nursing student).