PEOPLE v MICHAEL TURNER

Docket No. 78-2473. Submitted October 19, 1981, at Detroit.—Decided
    January 19, 1982.

    Michael Turner was convicted of second-degree criminal sexual
    conduct, Detroit Recorder's Court, Robert L. Evans, J. He
    appeals by leave granted. *Held:*

        1. The trial court properly admitted testimony of a police
    officer who had interviewed the eight-year-old victim regarding
    what the victim told him during the interview. Such testimony
    is not barred by the hearsay rule, being permissible as the
    tender years-res gestae exception to the rule.

        2. The record reveals that the defendant was not denied his
    right to confront the victim-witness.

        3. The record reveals that the trial court's findings of fact
    were supported by sufficient evidence.

        4. The trial court erred in admitting evidence of the defen-
    dant's prior, similar bad acts. However, reversal is not re-
    quired, no reliance on the evidence in the court's findings of
    fact and no undue prejudice having been shown.

        Affirmed.

1. EVIDENCE — HEARSAY — TENDER YEARS-RES GESTAE EXCEPTION.

    A police officer may testify as to the details of his interview with
    an eight-year-old victim of criminal sexual conduct conducted a
    few hours after the incident of abuse, and such testimony is not

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 719, 728.

    Time element as affecting admissibility of statement or complaint
    made by victim of sex crime as res gestae, spontaneous exclama-
    tion, or excited utterance. 89 ALR3d 102.

    Declarant's age as affecting admissibility as res gestae. 83 ALR2d
    1368.

[2] 29 Am Jur 2d, Evidence § 320.

    Admissibility, under Rule 404[b] of Federal Rules of Evidence, of
    evidence of other crimes, wrongs, or acts similar to offense
    charged to show preparation or plan. 47 ALR Fed 781.

    Admissibility, at trial of criminal case, of evidence of defendant's
    criminal acts other than those charged—Supreme Court cases. 93
    L Ed 184.

barred by the hearsay rule, being a "tender years" exception which is a species of the res gestae exception to the hearsay rule (MRE 803[2]).

2. EVIDENCE — BAD ACTS.

Admission of evidence of a criminal defendant's prior, similar bad acts may constitute error, but the error does not require reversal where the reference to the acts is fleeting and no showing of undue prejudice to the defendant is made.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Mardi Crawford,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P.J., and M. F. CAVANAGH and R. A. BENSON,* JJ.

T. M. BURNS, P.J. Defendant was originally charged with criminal sexual conduct in the first degree, MCL 750.520b; MSA 28.788(2), and, following a three-day bench trial, he was convicted on March 8, 1978, of criminal sexual conduct in the second degree. MCL 750.520c; MSA 28.788(3). On March 20, 1978, he was sentenced to a term of from 1-1/2 to 15 years imprisonment. He now appeals his conviction, having been granted a delayed appeal pursuant to an order of this Court dated August 14, 1978, and raises three issues, none of which require reversal.

Defendant first argues that the trial judge committed error requiring reversal by permitting a police officer who interviewed the eight-year-old complainant to relate at trial the details of his

---

* Circuit judge, sitting on the Court of Appeals by assignment.

interview under the tender years exception to the hearsay rule.

The tender years exception to the hearsay rule was recognized by this state in *People v Gage,* 62 Mich 271; 28 NW 835 (1886). Since that time, it has been the subject of a number of appellate decisions. Recently, in *People v Washington,* 84 Mich App 750, 755; 270 NW2d 511 (1978), this Court noted that "[t]he Michigan Rules of Evidence contain no tender years exception". Defendant seizes upon this comment by the Court and argues that it supports his contention that error requiring reversal occurred when the trial judge permitted the police officer who interviewed the complainant to testify regarding what the complainant had told him during the interview.

While it is true that the Michigan Rules of Evidence contain no specific hearsay exception for all statements made by children of tender years regardless of the crime perpetrated upon them, the *Washington* Court was not seeking to eliminate the tender years exception as it had been used for over 90 years in cases of sexual abuse. As the Court noted there, the tender years exception had been applied in Michigan only to sex-related cases. The facts of *Washington* involved a murder and not a sex crime. To the extent that the *Washington* Court's comments on the viability of the tender years exception are construed. as applying to sex cases then, those comments are only dicta.

Further support for the belief that the tender years exception continues to survive in Michigan after the effective date of the Michigan Rules of Evidence comes from the fact that the rules of evidence do recognize a res gestae exception to the hearsay rule. MRE 803(2). The tender years exception is a species of the res gestae exception. There-

fore, although the tender years exception is not explicitly recognized in the rules of evidence, it continues to be viable in applicable cases by virtue of the res gestae exception to the hearsay rule.

Examining the record before us, we are convinced that the police officer's testimony in this case does fall within the tender years-res gestae exception to the hearsay rule. *People v Debreczeny,* 74 Mich App 391, 394; 253 NW2d 776 (1977). The facts of *Debreczeny* are similar to the instant case in all significant respects. That is, as in the case before us, *Debreczeny* involved an eight-year-old complainant's interview with a police officer a few hours after an incident of sexual abuse. There, as here, a complainant testified and largely substantiated the out-of-court declarations. Finally, both cases involved a trial before a judge sitting without a jury and, thus, there is minimal likelihood of prejudice to defendant from any extraneous material in the out-of-court interview.

We similarly reject defendant's contention that he was denied his constitutional right to confrontation on account of the admission of this hearsay testimony. The complainant testified, and defendant was afforded an adequate opportunity to question her regarding her recollection of the incident and to impeach her regarding any inconsistencies between her testimony and her statements made during the police interview.

Defendant next argues that the trial judge erred in his findings of fact when he stated that he based his finding of sexual contact, in part, upon the "testimony of [the complainant] directly coupled with the statement that [the complainant] made to her mother soon after the incident". Defendant argues that because the complainant's mother never testified that her daughter told her of the

sexual assault "soon" after it occurred the trial judge relied upon nonexistent evidence in his findings of fact. However, it would be mere speculation for us to conclude that the "statement" referred to by the trial judge was to the effect that the complainant told her mother that defendant had sexual contact with her. In fact, the record establishes that the complainant told her mother "soon after the incident" that the reason she did not cry was because defendant had his hand over her mouth. This testimony, although not significant, quite likely was "the statement" referred to by the trial judge in his findings of fact. Thus, no error has occurred.

The final argument raised by defendant in this appeal concerns whether error occurred requiring reversal when a prosecution witness made reference to prior similar acts of defendant.

The police officer witness who had interviewed the complainant read into evidence his interview of the complainant. The last question he asked the complainant at the time of the interview was, "Has Michael [the defendant] ever done anything like this before to you?" The complainant responded, "Yes". Defense counsel immediately objected to this testimony, and his objection was sustained.

Although the introduction of evidence of prior, similar bad acts certainly was improper in this case, we do not find that error has occurred which requires reversal because it does not appear that the reference to any prior acts so tainted the trial as to have amounted to undue prejudice. We note, in particular, that defendant was tried before a judge sitting as trier of fact and not a jury. Further, there is no indication that the prosecutor benefitted by the police officer's improper testi-

mony. Finally, the trial judge did not rely upon that testimony in his findings of fact, and, indeed, the trial judge immediately sustained an objection to it when one was made. Therefore, because only a fleeting reference was made to this inadmissible testimony and because it does not appear to have prejudiced defendant, we find that error warranting reversal has not occurred.

Affirmed.