PEOPLE v KREINER

Docket No. 68114. Decided December 22, 1982. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed the judgments of the Court of Appeals and the circuit court and remanded the case to the circuit court for a new trial. Rehearing denied 417 Mich 1104.

John L. Kreiner was convicted in a bench trial in the Wayne Circuit Court, Joseph B. Sullivan, J., of second-degree criminal sexual conduct. During trial, over defense objections, the court permitted two witnesses, the child's mother and a police officer, to relate the six-year-old victim's account to them of the circumstances of the assault on the basis of the "tender years" exception to the hearsay rule. The Court of Appeals, Bronson, P.J., and R. M. Maher and F. X. O'Brien, JJ., affirmed in an unpublished opinion per curiam. (Docket No. 49169). The defendant appeals.

In an opinion per curiam, signed by Chief Justice Fitzgerald and Justices Kavanagh, Levin, and Ryan, the Supreme Court held:

The tender years exception to the hearsay rule no longer exists under the Rules of Evidence. Hearsay evidence regarding what a child of tender years related about the circumstances of a sexual assault may be admitted only if it comes within one of the exceptions enumerated in the rules.

The former "tender years" exception would not have been properly applied in this case because the hearsay was not used in corroboration as allowed by that exception, but to supply the very elements of the crime, and because under that exception only the first complaint made was admissible.

In this case the record was not developed sufficiently for the Court to determine whether the mother's testimony was admissible under the excited utterance exception to the hearsay rule. It is unclear how much time elapsed between the alleged assault and the child's telling her mother. It is clear that the child did not tell her mother "at the first opportunity" as the trial judge found. A new trial is required, at which the prose-

cutor may attempt to establish a foundation for admission under the excited utterance rule.

Justice Williams concurred, except that he believed that the mother's testimony was admissible.

Justice Coleman dissented in part. She would hold that the mother's testimony was properly admitted. Any delay by the child in reporting the assault to her mother may be explained by the fact that the defendant was a friend of her mother, not a stranger; the child might withdraw until she could sort out her fears and explore her mother's temper.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Michael F. Bakaian,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Mardi Crawford)* for defendant.

PER CURIAM. The Court of Appeals has reached conflicting results on the question of what effect the adoption of the Michigan Rules of Evidence has had on the tender years exception to the hearsay rule.[1] We hold that the exception no longer exists; hearsay evidence as to what a child of tender years related about the circumstances of a sexual assault may be admitted only if it comes within one of the existing exceptions.[2]

I

The defendant was charged with second-degree criminal sexual conduct[3] as a result of what was

[1] See, *e.g., People v Washington,* 84 Mich App 750; 270 NW2d 511 (1978), *People v Lovett,* 85 Mich App 534; 272 NW2d 126 (1978), *People v Michael Turner,* 112 Mich App 381; 316 NW2d 426 (1982), and *People v Edgar,* 113 Mich App 528; 317 NW2d 675 (1982).

[2] MRE 802.

[3] MCL 750.520c; MSA 28.788(3).

alleged to have occurred between him and a six-year-old girl during the morning of July 3, 1979.

The child could not relate at trial the details of what had occurred on July 3. She would only say that the defendant had come into her bedroom and had done something "bad". Her mother explained that the defendant was a friend who had come to visit the preceding evening and had slept on the couch that night. The mother testified that she got up around 10:30 or 11 a.m. She dressed and took her daughter to eat. On the way home from the restaurant, she had a conversation with her daughter. Defense counsel interrupted with an objection that the contents of the conversation would be hearsay. The trial judge relied on the tender years exception to the hearsay rule to allow the testimony and noted that there had been little delay in the communication to the mother:

"Here, in this instance, the child being seven [at the time of trial], apparently alleges to her mother the following morning that a certain act occurred. The passage of time is minor, comparatively speaking, as it was the first opportunity, a visit with the mother in the morning, the child had to talk to the mother, who took her out in the car to breakfast and on the way back the child related this incident. Therefore, I'm going to overrule the objection and permit the testimony. Thank you.

"I should comment further that I feel that is adequate explanation for what little delay there was. There really was very little delay."

The mother then testified as follows:

"*Q.* * * * What did she tell you?

"*A.* She said that he had fondled her female genitals and, well, that he had—was playing with her too-too.

"*Q.* She said that he was playing with her too-too?

"*A.* Yes. She said that he had done something that hurt and then he stopped.

"*Q.* What is a too-too, if you know?

"*A.* That is what me and her refer to as her female genitals.

"*Q.* I see.

"*A.* And she had said that he had laid on top of her and that he had touched her with his penis.

"*Q.* Did she tell you where he touched her with his penis?

"*A.* On her legs."

Again, over objection on hearsay grounds, a police officer was permitted to testify as to his conversation with the child later that day:

"*A.* * * * She said that he took out his thing and asked her to touch it. And she told him no that she wouldn't. And then he pulled down her pants and began touching her.

"I asked her where he touched you, 'where you pee?' And she said yes. And I said, 'Did it hurt?' And she said 'No, just a little bit', and I said, 'Did he put it inside where you pee a little bit?' and she said yes.

"And I said, 'Did you want him to do that?' And she said no. 'I told him to stop.'

"I said, 'Did he stop?' and she said no.

"I said, 'How long did he do that?'

"She said he kept doing it until he started rubbing his thing.

"*Q.* I see.

"*A.* I said, 'Then how long did he rub his thing, for just a couple of seconds, or what?' And she told me he rubbed it for a long time, and at that point I didn't know how to exactly ask her if he had ejaculated and I asked her, 'Did it spit?' And she said no, that it hadn't and that was the extent of the interview at that time."

The defendant testified that nothing occurred

that morning between him and the child. He had showered about 9 a.m. and left. The trial judge concluded that the defendant did have sexual contact with the child, and he found the defendant guilty as charged. The Court of Appeals affirmed the defendant's conviction.

## II

## A

Before addressing the precise issue whether the tender years exception survived the adoption of the Michigan Rules of Evidence, we believe the treatment of this case by the courts below[4] suggests a need to examine the common-law definition of that exception and how it was misapplied here. The exception does not permit the introduction of *any* conversation with the infant victim regarding the details of the crime; it permits hearsay only to corroborate the testimony of the complainant:

"The rule in this State is that where the victim is of tender years the testimony of the details of her complaint may be introduced *in corroboration* of her evidence, if her statement is shown to have been spontaneous and without indication of manufacture; and delay in making the complaint is excusable so far as it is caused by fear or other equally effective circumstance."

[4] The Court of Appeals did find the police officer's hearsay testimony inadmissible, but for a different reason:

"The hearsay account related by Officer Hayes presents another situation, however. By his own testimony, during his interrogation of [the child], the girl merely replied 'yes' or 'no' to his questions. Officer Hayes' questioning, then, actually constituted the hearsay account related at trial. Additionally, the record fails to support a finding that [the child] was still under the effects of the startling event at the time of the officer's interrogation."

The Court nevertheless found the error harmless because the testimony duplicated that of the mother which had already been admitted.

*People v Baker,* 251 Mich 322, 326; 232 NW 381 (1930).
(Emphasis added.)

The rule came into Michigan jurisprudence in
*People v Gage,* 62 Mich 271; 28 NW 835 (1886), as
one allowing hearsay in corroboration of the testi-
mony of a complainant. In this case, the hearsay
was not used for corroboration, but to supply the
very elements of the crime. Consequently, the
tender years exception was not available to justify
admission of either witness's testimony.

In *Baker,* the Court also limited the tender
years exception to the first complaint made:

> "*The statement by Dorothy to Mrs. Alarie was not an
> original complaint and was not admissible.* But, because
> of admissions by defendant of Dorothy's charge of inde-
> cent liberties, substantially as she made it to Mrs.
> Schmidt and Mrs. Alarie, the testimony of her state-
> ment to the latter was not prejudicial or reversible
> error." 251 Mich 326. (Emphasis added.)

The child's "statement" to the police officer, in this
case, came after the original complaint to the
mother, and therefore it was also inadmissible for
that reason.

### B

The tender years exception, as restated in
*Baker,* did not survive adoption of the Michigan
Rules of Evidence. MRE 101 provides that "[t]hese
rules govern proceedings in the courts of this state
to the extent and with the exceptions stated in
rule 1101". None of the rule 1101 exceptions are
applicable here. MRE 801(c) defines hearsay as "a
statement, other than one made by the declarant
while testifying at the trial or hearing, offered in
evidence to prove the truth of the matter as-
serted". MRE 802 provides that "[h]earsay is not

admissible except as provided by these rules".
MRE 803 provides 23 exceptions to the hearsay
rule, none of which encompass the tender years
exception as *Baker* defines it.

The Michigan Rules of Evidence were based on
the Federal Rules of Evidence. The comparable
FRE 803 contains 24 exceptions. The twenty-fourth
would permit hearsay not otherwise qualifying
"but having equivalent circumstantial guarantees
of trustworthiness". The committee which assisted
in creating the Michigan rules recommended to
the Court the adoption of a comparable MRE
803(24),[5] even though the committee recognized it
had "no counterpart in prior Michigan law".[6] We
did not, however, adopt an MRE 803(24).[7] Finding
no applicable exception in the Michigan Rules of
Evidence, we conclude that the tender years excep-
tion did not survive the adoption of those rules.

## C

Our inquiry is not at an end, however. MRE
803(2) allows the out-of-court statement of a de-
clarant available as a witness to be admitted if it
is:

"A statement relating to a startling event or condi-
tion made while the declarant was under stress of
excitement caused by the event or condition."

We addressed the excited utterance exception to
the hearsay rule in *People v Gee,* 406 Mich 279,
282; 278 NW2d 304 (1979):

---

[5] 399 Mich 1009.

[6] 399 Mich 1015.

[7] 402 Mich cxix. See also Robinson, *Current Issues in Michigan
Evidence Law,* 61 Mich Bar J 330, 332-333 (May, 1982).

"Otherwise objectionable hearsay testimony may be admissible if it amounts to an excited utterance. * * *

"To come within the excited utterance exception to the hearsay rule, a statement must meet three criteria: (1) it must arise out of a startling occasion;[4] (2) it must be made before there has been time to contrive and misrepresent; and (3) it must relate to the circumstances of the startling occasion.

---

"[4] Startling enough to produce nervous excitement and to render the utterance spontaneous and unreflecting."

---

This rule would support the admission of a hearsay statement by a child of tender years in a sexual assault case, *if* the foundation criteria of the rule are met.[8]

The record in this case has not been developed sufficiently for us to determine if the criteria were met so as to allow the mother's testimony to be admitted. For example, it is unclear how much time expired between the alleged assault and the point at which the child related to her mother what had occurred. It is clear that the child did not tell her mother at "the first opportunity", as the trial judge said, because the mother and child were alone during a car trip to a restaurant, during the meal at the restaurant, and during part of the trip home before the conversation in question occurred. A new trial is required, at which the prosecutor may attempt to establish a foundation for admitting the testimony under MRE 803(2).

---

[8] "If the utterance of a child of 'tender years' relates to a 'startling event or condition' and was made while the child was 'under the stress of excitement caused by the event or condition,' the statement may be admitted as an excited utterance under MRE 803(2). See *People v Cobb,* 108 Mich App 573 [310 NW2d 798] (1981). On the other hand, if these requirements are not met, the mere fact that the declarant is of 'tender years' and makes a statement in a sex-related case does not provide a basis for admitting the statement under the so-called 'res gestae' exception. 61 Mich Bar J 332.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgments of the Court of Appeals and the circuit court and remand the case to the circuit court for a new trial.

FITZGERALD, C.J., and KAVANAGH, LEVIN, and RYAN, JJ., concurred.

WILLIAMS, J. I concur except I believe the mother's testimony was admissible.

COLEMAN, J. I dissent in part. I would affirm the trial judge on the bases of the totality of the record before him and in light of the fact that defendant was a friend of the hapless child's mother, thus placing said child in a position totally unlike that of an assault by a stranger. Here, withdrawal till she might sort out her fears and explore her mother's temper was understandable— as opposed to crying out spontaneously against the assault of a stranger. I cannot fault the trial judge for his sensitivity to this distinction.

It is agreed that the testimony of the police officer was inadmissible hearsay.

RILEY, J., took no part in the decision of this case.