## IN THE MATTER OF MEEBOER

Docket No. 69260. Submitted December 15, 1983, at Lansing.—Decided April 30, 1984.

Douglas E. Meeboer, following a jury trial in the juvenile division of the Genesee Probate Court, Luke Quinn, J., was found to have committed the acts set forth in the petition alleging that he had committed two acts of criminal sexual conduct upon a nine-year-old girl. The order of disposition committed Meeboer to the supervision of the Department of Social Services pursuant to the Youth Rehabilitation Services Act. Meeboer sought to appeal the probate court finding and disposition to the Genesee Circuit Court. The circuit court, Robert M. Ransom, J., on stipulation of the parties, dismissed the appeal without prejudice on the basis of the belief that the proper avenue of appeal was to the Court of Appeals. Meeboer then sought a delayed appeal to the Court of Appeals, which was granted, but the Court ordered the parties to brief the jurisdictional question. *Held:*

1. By statute, an appeal as of right to the Court of Appeals exists as to any order of the juvenile division of a probate court which is "an order of disposition placing a child under the supervision of the court or removing the child from his or her home" or any order terminating the rights of the parents. Any other orders, judgments or sentences of the juvenile division of

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 146.
[2] 73 Am Jur 2d, Statutes § 159.
[3] 73 Am Jur 2d, Statutes § 155.
[4] 73 Am Jur 2d, Statutes §§ 154, 155.
[5] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 60.
[6] 29 Am Jur 2d, Evidence § 708.
[7] 29 Am Jur 2d, Evidence §§ 719, 728.
  65 Am Jur 2d, Rape §§ 79, 81.
  Time element as affecting admissibility of statement or complaint made by victim of sex crime as res gestae, spontaneous exclamation or excited utterance. 89 ALR3d 102.

the probate court are by an appeal as of right to the circuit court. Accordingly, since the Court of Appeals has no jurisdiction to grant, by leave, an appeal prior to the decision on the merits of an appeal to the circuit court where such an appeal is provided, the Court of Appeals has jurisdiction to entertain the present appeal only if the statutorily mandated appeal as of right to the Court of Appeals is applicable to orders of the juvenile division of the probate court which, as here, commit the child to the supervision of the Department of Social Services pursuant to the Youth Rehabilitation Services Act.

2. The Youth Rehabilitation Services Act permits, but does not require, removal of the child from his or her home. It would thus appear that the question of whether there is an appeal as of right to the Court of Appeals is dependent upon whether the Department of Social Services does, in fact, remove the child from his or her home. Since the question of an appeal as of right to the Court of Appeals should not turn upon the actions of the Department of Social Services and since an order of commitment under the Youth Rehabilitation Services Act is comparable in severity to orders of the juvenile division of the probate court which are clearly appealable as of right to the Court of Appeals, it is clear that it was the intent of the Legislature that an appeal as of right to the Court of Appeals exists as to an order of the juvenile division of a probate court which gives an administrative agency the discretion to remove a child from his or her home.

3. Reversal is not mandated by reason of the probate court's permitting the victim's mother to testify as to the statements made by her daughter relative to one of the incidents on the morning following the incidents. While the tender years exception to the hearsay rule no longer exists in Michigan, this testimony was admissible under the excited utterance exception to the hearsay rule.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.

A court, when construing a statute, must give effect to the legislative intent and read the language in light of the general purpose sought to be accomplished.

2. STATUTES — JUDICIAL CONSTRUCTION.

Where the language of a statute is of doubtful meaning, a reasonable construction must be given, looking to the purpose subserved thereby.

3. STATUTES — JUDICIAL CONSTRUCTION.

    The occasion and necessity of a statute are matters of judicial concern, and its purpose should be effected if possible.

4. STATUTES — JUDICIAL CONSTRUCTION.

    In construing a statute, its spirit and purpose should prevail over its strict letter; injustice in its application should be prevented, and absurd consequences avoided.

5. APPEAL — PROBATE COURT — YOUTH REHABILITATION SERVICES ACT — COURT OF APPEALS.

    An order by the juvenile division of a probate court committing a child to the supervision of the Department of Social Services pursuant to the Youth Rehabilitation Services Act, said act permitting but not requiring removal of the child from his or her home, is appealable as a matter of right to the Court of Appeals (MCL 600.861[c][i], 803.301 et seq.; MSA 27A.861[c][i], 25.399[51] et seq.).

6. EVIDENCE — HEARSAY — EXCITED UTTERANCE.

    A statement is admissible into evidence under the excited utterance exception to the hearsay rule only where: (1) there was a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) the statement was made before there had been time to contrive and misrepresent; and (3) the statement related to the circumstances of the occurrence preceding it.

7. CRIMINAL LAW — EVIDENCE — HEARSAY — EXCITED UTTERANCE.

    Testimony by a mother relative to statements made by her daughter of tender years and of limited intelligence upon the daughter's arising in the morning relative to a sexual attack upon her daughter during the night is properly admitted into evidence at a trial for criminal sexual conduct under the excited utterance exception to the hearsay rule (MRE 803[2]).

*Robert E. Weiss,* Prosecuting Attorney, and *David Beaudry,* Chief, Juvenile Division, for petitioner.

*Joseph E. Baessler,* for respondent.

Before: J. H. GILLIS, P.J., and SHEPHERD and J. J. KELLEY,* JJ.

J. J. KELLEY, J. Douglas Meeboer was convicted in the juvenile division of probate court of two counts of second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3). Meeboer attempted to appeal his conviction to circuit court. The circuit court, on stipulation of the parties, dismissed the appeal on the basis that the circuit court lacked jurisdiction over such an appeal pursuant to MCL 600.863(1); MSA 27A.863(1) because Meeboer's conviction was appealable to the Court of Appeals pursuant to MCL 600.861(c)(i); MSA 27A.861(c)(i). This Court granted Meeboer's application for a delayed appeal from the probate court decision, but ordered the parties to brief the jurisdictional issue.

Whether Meeboer has an appeal as of right to this Court rather than circuit court is important inasmuch as neither statute nor court rule gives this Court jurisdiction to grant leave to appeal prior to a resolution on the merits of an appeal to circuit court where such an appeal is mandated. See MCL 600.308; MSA 27A.308, and GCR 1963, 806.2; compare GCR 1963, 851(2) which allows the Supreme Court to grant leave to appeal in a case while there is pending an appeal of that case in the Court of Appeals. Therefore, this Court is without jurisdiction to entertain this appeal if it would have been without jurisdiction to entertain a timely appeal as of right by Meeboer.

As amended by 1982 PA 318, MCL 600.861(c)(i); MSA 27A.861(c)(i) provides an appeal as of right to the Court of Appeals from an order of the juvenile division of probate court which is "[a]n order of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

disposition placing a child under the supervision of the court or removing the child from his or her home". "Order of disposition" is a term used in the statute governing the juvenile division of probate court; various possible orders of disposition are listed in MCL 712A.18; MSA 27.3178(598.18). The order of disposition in the present case committed the child to the supervision of the Department of Social Services pursuant to the Youth Rehabilitation Services Act, MCL 803.301 *et seq.;* MSA 25.399(51) *et seq.* Such an order of disposition is authorized by MCL 712A.18(1)(e); MSA 27.3178(598.18)(1)(e). The difficulty is that the Youth Rehabilitation Services Act does not provide for continuing supervision of the child *by the probate court* and permits, *but does not require,* removal of the child from his or her home. See MCL 803.303; MSA 25.399(53).

"When construing a statute, the Court must give effect to the legislative intent and read the language in the light of the general purpose sought to be accomplished." *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 478; 208 NW2d 469 (1973).

"This Court has said that where 'language is of doubtful meaning, a reasonable construction must be given, looking to the purpose subserved thereby. Its occasion and necessity are matters of judicial concern, and its purpose should be effected if possible. Its spirit and purpose should prevail over its strict letter. Injustice in its application should be prevented, and absurd consequences avoided.'" *People v McFarlin,* 389 Mich 557, 563; 208 NW2d 504 (1973), citing *Webster v Rotary Electric Steel Co,* 321 Mich 526, 531; 33 NW2d 69 (1948).

For the reason that the Department of Social Services could conceivably remove the child from the home years after the probate court's order, it

would be completely unworkable to have the determination of whether there exists an appeal as of right to the Court of Appeals of such an order controlled by the department's subsequent decision as to placement. It is clear that orders entered pursuant to MCL 712A.18(1), subds (a), (f), and (g); MSA 27.3178(598.18)(1), subds (a), (f), and (g) must be appealed to circuit court and that all orders entered pursuant to MCL 712A.18(1), subds (b), (c), and (d); MSA 27.3178(598.18)(1), subds (b), (c), and (d), and many entered pursuant to (e) are appealable as of right to the Court of Appeals. Orders like that at issue here are comparable in severity to the orders clearly appealable as of right to the Court of Appeals. We therefore conclude that the Legislature intended a probate court order giving an agency discretion to remove a child from his or her home to be appealable as of right to the Court of Appeals pursuant to MCL 600.861(c)(i); MSA 27A.861(c)(i).

Of the substantive issues raised by Meeboer, only one is worthy of discussion. Meeboer argues that the probate court erred by admitting evidence of a statement by the victim to her mother.

The first of the two incidents on which Meeboer's convictions are based took place at approximately 6:30 in the evening in the victim's home. The victim was a nine-year-old girl who had epilepsy, whose IQ was not more than 40, and who attended a special education program. She did not testify. A social worker testified that she would have great difficulty understanding questions in a court of law.

Following the first incident, which occurred in the basement of the victim's home, Meeboer, an overnight guest, was heard to say that after the victim's mother had gone to bed he would go into

the victim's room and have sexual relations with her.

The next morning the victim's older sister awakened and found the victim in bed with her rather than in the victim's own room. At 7:00 a.m., the victim's mother went to awaken her for the purpose of giving the victim her seizure medication. The mother found the victim in the sister's room. The victim went to the kitchen to take her medicine and spontaneously began telling her mother about Meeboer's nighttime activity with her.

Meeboer's counsel objected to the admission of the mother's testimony concerning the victim's statements on the basis that such testimony was hearsay. The court overruled the objection, stating that the tender years exception allowed it as part of the res gestae. Trial occurred eight weeks before the Supreme Court decision in *People v Kreiner*, 415 Mich 372; 329 NW2d 716 (1982), in which the Court determined that the tender years exception to the hearsay rule no longer exists under the Michigan Rules of Evidence.

On appeal, the prosecutor claims that the admission of the mother's testimony was harmless error and that the testimony should be admitted under the excited utterance exception to the hearsay rule, MRE 803(2). Being the very root of one charge against the defendant, if the admission of this evidence was error, it cannot be said that it was merely harmless error. If the statements of the victim were excited utterances, there was no error in admitting the testimony of the victim's mother.

The mother, who had not previously discussed sex with her daughter, related that her daughter told her that Meeboer came to her room, kissed her, and put his "worm" in her "butt". When asked where or what her butt was, the victim

pointed to her vagina. The mother testified that she had never heard the victim use the term "worm" before and that the daughter explained "worm" as being from where Meeboer peed. The mother further testified that her daughter had indicated that she did not cry out because Meeboer had covered her head with a blanket or quilt and that, when Meeboer let her go, she went into her sister's bed because she was scared.

MRE 803(2) defines "excited utterance" as:

"A statement relating to a startling event or condition made while the declarant was under stress of excitement caused by the event or condition."

To come within this exception, a statement must meet three criteria: (1) it must arise out of a startling occasion—startling enough to produce nervous excitement and to render the utterance spontaneous and unreflecting; (2) it must be made before there has been time to contrive and misrepresent; and (3) it must relate to the circumstances of the startling occasion. This rule would support the admission of a hearsay statement by a child of tender years in a sexual assault case *if* these foundation criteria are met. *People v Kreiner, supra,* p 379.

In *Kreiner,* the six-year-old victim told her mother during the noon hour that during the preceding night the mother's boyfriend had come into her bedroom and sexually used her. Noting that the child had not told her mother at the first opportunity and that it was unclear how much time expired between the alleged assault and the child's statement to her mother, the court remanded for a new trial at which the prosecutor could attempt to establish a foundation for admitting the mother's testimony.

In *People v Gee,* 406 Mich 279; 278 NW2d 304 (1979), a girl who was old enough to date boys claimed that shortly after midnight she was raped by a friend who then drove her home. Either 12 or 20 hours later she went to her boyfriend's apartment and over a 4-1/2 hour period told him about the alleged incident. The court held that the 12 to 20 hour lapse was enough time for consideration of self-interest and that there was no plausible explanation for the delay which would excuse the delay and permit an extension of the excited utterance exception to the hearsay rule to these facts.

In the case at bar, the victim's statement arose out of a startling occasion during the night. It would be unreasonable to expect that a child of her age and mentality would or should have taken note of the time of the occurrence or would contrive or misrepresent as to sexual matters. Sometime during the night the victim went from her own room to sleep with her sister. Upon arising around 7 o'clock the next morning the victim told the first person she talked to—her mother—about the incident. There was a plausible explanation for the delay in relating what happened. The child used the term "worm"—a word she had not used before—in relating the happenings. Her story related to the circumstances of the occasion. All three criteria having been met, a proper foundation was laid for the mother's testimony.

Affirmed.