PEOPLE v FENNER

Docket No. 51132. Submitted November 17, 1983, at Lansing.—Decided May 22, 1984. Leave to appeal applied for.

Raymond M. Fenner was convicted by a jury in Allegan Circuit Court, George R. Corsiglia, J., of first-degree criminal sexual conduct. On appeal, the Court of Appeals remanded the case for a hearing to determine whether defendant should be granted a new trial on the ground of ineffective assistance of trial counsel. Following a hearing on remand, the trial court denied defendant's motion for a new trial. Defendant now appeals both the denial of his motion for a new trial and his original conviction. *Held:*

1. The trial court erred in admitting testimony of the complainant's mother and examining physician wherein they recounted out-of-court statements about the incident made to them by the complainant.

2. Defendant's allegations of ineffective assistance of counsel need not be addressed.

Reversed.

V. J. BRENNAN, P.J., dissented. He would hold that the mother's testimony as to the complainant's statements was admissible under the excited utterance exception to the hearsay rule, that the examining physician's testimony as to the complainant's statements was erroneously admitted but that the error was harmless, and that the trial court's finding on remand of effective assistance of counsel was not clearly erroneous. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 496, 497.

[2, 4] 29 Am Jur 2d, Evidence § 708 *et seq.*

[3] 65 Am Jur 2d, Rape §§ 3, 7 *et seq.*

What constitutes penetration in prosecution for rape and statutory rape. 76 ALR3d 163.

[4] Time element as affecting admissibility of statement or complaint made by victim of sex crime as res gestae, spontaneous exclamation, or excited utterance. 89 ALR3d 102.

Opinion of the Court

1. Evidence — Hearsay — Tender Years Exception.

There is no tender years exception to the hearsay rule under the Michigan Rules of Evidence.

2. Evidence — Hearsay — Excited Utterance Exception.

A statement must meet three criteria to come within the excited utterance exception to the hearsay rule: (1) it must arise out of a startling occasion; (2) it must be made before there has been time to contrive and misrepresent; and (3) it must relate to the circumstances of the startling occasion (MRE 803[2]).

3. Rape — Penetration — Physicians and Surgeons — Witnesses.

The examining physician in a criminal sexual conduct case is a proper witness as long as his testimony may assist the jury in their determination of the existence of either of two crucial elements of the offense charged, (1) penetration itself and (2) penetration against the will of the victim.

Dissent by V. J. Brennan, P.J.

4. Evidence — Hearsay — Excited Utterance Exception.

*Testimony regarding statements made by a 10-year-old victim to her mother as to a sexual assault which occurred the previous evening may be admissible under the excited utterance exception to the hearsay rule where the child was still suffering from the stress of the assault when she spoke to her mother (MRE 803[2]).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Fred R. Hunter, III,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

State Appellate Defender (by *Terence R. Flanagan),* for defendant on appeal.

Before: V. J. Brennan, P.J., and M. J. Kelly and G. R. Cook,* JJ.

Per Curiam. Defendant was convicted by a jury of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). On defendant's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

motion and by order dated August 31, 1982, we remanded this case for a hearing to determine whether defendant should be granted a new trial on the ground that he had been rendered ineffective assistance of trial counsel. Following a hearing on remand, the trial court denied defendant's motion. Defendant now appeals that ruling as well as his original conviction. After careful consideration of the record and briefs on appeal, we reverse.

Defendant raises several arguments on appeal, one of which involves the admission at trial of certain hearsay statements made by three different witnesses, recounting out-of-court statements made to them by the 10-year-old complainant. The complainant testified at trial that defendant, who was her uncle, had penetrated her vagina with one of his fingers on the evening of August 10, 1978. Prior to the complainant's trial testimony, the examining physician, the arresting officer, and the complainant's mother testified about statements made to them by the complainant shortly after the alleged incident. Defense counsel failed to raise any hearsay objections to the testimony.

Defendant nevertheless urges us to consider his objections on appeal because the hearsay testimony resulted in manifest injustice, *People v Stull,* 127 Mich App 14, 22; 338 NW2d 403 (1983), or, in the alternative, that defense counsel's failure to object constitutes a mistake so serious that it may have been outcome determinative. *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976), *reh den* 399 Mich 1041 (1977). We agree that reversal is mandated under either of these two theories.

At the outset, we note that testimony regarding the complainant's out-of-court statements was not admissible under the tender years exception to the

hearsay rule inasmuch as that exception has been abrogated by the Michigan Rules of Evidence. *People v Kreiner,* 415 Mich 372, 377; 329 NW2d 716 (1982). In our opinion, the only other applicable exception is the excited utterance exception, MRE 803(2). To come within this exception, however, the complainant's statements must (1) have arisen out of a startling occurrence, (2) be made before there has been any time to contrive and misrepresent, and (3) relate to the circumstances of the startling occurrence. *People v Gee,* 406 Mich 279, 282; 278 NW2d 304 (1979).

It is arguable that the trial court properly may have admitted Deputy Philip Alderink's testimony regarding the statement made to him by the complainant with or without objection. As the arresting officer, Deputy Alderink was the first adult to encounter the complainant after the incident. It is clear from the deputy's testimony that the complainant was extremely upset and nervous and crying when defendant was pulled over for drunk driving. While the complainant said nothing as she, her brother, and her uncle were transported to the sheriff's office, the events of the previous evening were recounted the moment the complainant and her brother were outside the presence of their uncle. The complainant's statements arose out of a startling event and related to the circumstances of that event. We cannot say that the admission of Deputy Alderink's testimony resulted in manifest injustice, nor can we say that defense counsel's failure to object to the testimony constitutes a serious mistake requiring reversal.

We believe, however, that the testimony of the complainant's mother regarding the statements made to her by her daughter cannot be similarly justified. While the record is not entirely clear on

the sequence of events that occurred the morning of August 11, 1978, it is apparent that the complainant first spoke to her mother at the sheriff's office after having been interviewed by Deputy Alderink. According to the deputy's testimony, the complainant became calmer the longer she sat in the office separated from her uncle. By the time the complainant's mother reached her, the complainant had had time to think about the incident and, in fact, had described the incident at least once.

The error in admitting the mother's testimony was compounded by the mother's subsequent testimony that complainant consistently adhered to the same story.

For similar reasons, the testimony of Dr. James R. Boswell, the examining physician, regarding a statement made to him by the complainant is not admissible under the excited utterance exception to the hearsay rule. Neither can we find the physician's testimony admissible under *People v McGillen #2,* 392 Mich 278; 220 NW2d 689 (1974), where it was announced that testimony of the examining physician in a criminal sexual conduct case is admissible to establish (1) penetration and (2) that the penetration was against the will of the victim. Here, the examining physician's testimony went beyond this narrow scope when he testified that the complainant had informed him that her uncle was the perpetrator and concluded that the complainant's physical condition was consistent with her story. Compare *People v Gerald Wells,* 102 Mich App 558; 302 NW2d 232 (1980), *lv den* 411 Mich 980 (1981) (where the examining physician did not testify that he believed defendant had raped the complaining witness at a specific time and place but only that, in his opinion, the com-

plaining witness had been sexually assaulted), and *People v LaPorte,* 103 Mich App 444; 303 NW2d 222 (1981) (where the examining physician stated his own independent observations and did not testify as to whether the victim was raped by the defendant).

We conclude that the errors that resulted with the admission of the complainant's out-of-court statements, through the testimony of her mother and the examining physician, cannot be said to be harmless beyond a reasonable doubt. Given our conclusion, we find no need to review defendant's other allegations of attorney error.

Reversed.

V. J. BRENNAN, P.J. *(dissenting).* I respectfully dissent.

I believe that the testimony of the deputy was clearly admissible under the excited utterance exception to the hearsay rule. MRE 803(2). The complainant's statements arose out of a startling and traumatizing occurrence: the sexual assault committed by her uncle. Although the assault occurred the previous evening, it would not have been unusual for a child to be either in shock or afraid to speak about the assault while in the presence of her assailant. In my opinion, the passage of time between the assault and the child's statements to the deputy would not have rendered her statements inadmissible under any circumstances. The startling occurrence was still fresh in her mind.

Likewise, I would also find the child's statements to her mother admissible under the same exception. Although the child may have appeared calmer after speaking with the deputy, I do not believe that her statements to the deputy preclude

a determination that her statements to her mother were not excited utterances. In my opinion, the child was still suffering from the stress of the assault when she spoke with her mother.

I do agree that the physician's testimony, as it related to the identity of the complainant's assailant, was erroneously admitted, but I would find the error harmless beyond a reasonable doubt in light of the overwhelming evidence of defendant's guilt. I do not believe that the physician's statement was a crucial factor in the determination of defendant's guilt.

As to the ineffective assistance of counsel claim, the matter was remanded to the trial court for a hearing on this question. Having observed the attorney at trial and having presided at the hearing, the trial judge was in a position to determine whether counsel was effective or not. My review of the record does not show that the trial judge's finding of effective assistance was clearly erroneous.

I would, therefore, affirm defendant's conviction.