PEOPLE v VERBURG

Docket No. 87775. Submitted June 26, 1987, at Grand Rapids. Decided
     August 2, 1988.

     Edward Joseph Verburg was convicted of second-degree criminal
     sexual conduct following a jury trial in the Kent Circuit Court,
     Robert A. Benson, J. Defendant subsequently pled guilty of
     being an habitual offender, third offense. Defendant appealed,
     claiming error in the admission, under the excited utterance
     exception to the hearsay rule, of evidence of statements made
     by the victim, a five-year-old boy, to his older sister regarding
     the sexual assault, and denial of a fair trial due to prosecuto-
     rial misconduct.

          The Court of Appeals *held:*

          1. The excited utterance exception to the hearsay rule, MRE
     803(2), applies to a statement that (1) arose out of a startling
     event, (2) was made before there has been time to contrive and
     misrepresent, and (3) relates to the circumstances of the star-
     tling occurrence. Additionally, the startling event must have
     produced nervous excitement and the declaration must have
     been spontaneous and unreflecting. In this case, as many as six
     weeks may have elapsed between the startling occurrence, i.e.,
     the assault, and the statements to the victim's sister. Thus, the
     trial court erred in admitting evidence of the statements under
     the excited utterance exception since it cannot be said that the
     statements were made before there was time to contrive and
     misrepresent.

          2. However, admission of the statements into evidence was
     not based solely on the excited utterance exception to the
     hearsay rule. The statements were properly admitted as evi-
     dence of a prior consistent statement offered to rebut a claim of
     recent fabrication. The trial court also correctly ruled that
     defense counsel had opened the door by asking the victim on

REFERENCES

Am Jur 2d, Appeal and Error §§ 624-627.
Am Jur 2d, Evidence §§ 708 *et seq.*
Am Jur 2d, Trial §§ 218 *et seq.,* 251 *et seq.*
See the Index to Annotations under Argument of Counsel; Credibil-
     ity of Witnesses; Hearsay; Witnesses.

cross-examination: "What exactly did you tell [your sister] that day?"

3. A review of the record indicated no prosecutorial misconduct.

Affirmed.

1. EVIDENCE — HEARSAY — EXCITED UTTERANCE EXCEPTION.

A statement must meet the following criteria to come within the excited utterance exception to the hearsay rule: the statement must (1) arise out of a startling occasion, (2) be made before there has been time to contrive and misrepresent, and (3) relate to the circumstances of the startling occurrence; additionally, the startling event must produce nervous excitement and the declaration must be spontaneous and unreflecting (MRE 803[2]).

2. CRIMINAL LAW — ARGUMENT OF COUNSEL — PRESERVING QUESTION.

Appellate review of a prosecutor's closing argument is precluded in the absence of an objection unless failure to consider the issue would result in manifest injustice.

3. CRIMINAL LAW — ARGUMENT OF COUNSEL.

A prosecutor may comment upon and draw inferences from the testimony of a witness, including a defendant, and may argue that the witness is not worthy of belief.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, and *Timothy K. McMorrow*, Chief Appellate Attorney, for the people.

*James R. Rinck*, for defendant on appeal.

Before: WAHLS, P.J., and MAHER and T. K. BOYLE,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). Defendant subsequently pled guilty to being an habitual (third) offender, MCL 769.13; MSA

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

28.1085. He was sentenced to six to thirty years imprisonment. Defendant appeals as of right, raising two issues regarding his jury trial. We affirm.

Defendant's criminal sexual conduct conviction arose from his sexual molestation of a five-year-old boy, whom defendant's wife cared for after school and until the boy's mother returned from work. After the repeated assaults, defendant threatened the boy not to tell anyone. However, the boy eventually told his older sister about the assaults, and she informed their mother. Both children testified at trial.

On appeal, defendant first claims that the sister's testimony was improperly admitted over his objection because it was hearsay and it did not fall within the excited utterance exception, MRE 803(2). That exception applies to statements that (1) arose out of a startling event, (2) were made before there was time to contrive and misrepresent, and (3) relate to the circumstances of the startling occurrence. *People v Gee,* 406 Mich 279, 282; 278 NW2d 304 (1979). Here, the only question is whether the time lapse between defendant's assaults and the boy's statements to his sister was too lengthy to satisfy the second requirement. To properly resolve this issue, we believe that it would be helpful to consider the impact of our Supreme Court's decision that the tender years exception to the rule prohibiting the use of hearsay evidence did not survive the adoption of the Michigan Rules of Evidence. *People v Kreiner,* 415 Mich 372; 329 NW2d 716 (1982).

The *Kreiner* case, in part by invitation in its express language at pp 378-379, has put great pressure on trial courts to admit into evidence under the aegis of excited utterance (MRE 803[2]) that which would formerly have been allowed by the tender years exception. As a result, the col-

lected reported and unreported opinions of this Court have begun to allow greater lapses of time between the startling event and its being reported. This is particularly true where the delay in complaint is explained by the utterance of threats of violence and physical force or by the infliction of severe injury. See *People v Soles,* 143 Mich App 433; 372 NW2d 588 (1985), lv den 424 Mich 863 (1985) (five-day delay during four of which the victim, a six-year-old, was interviewed by a protective services worker and a Michigan State Police detective before the victim related the facts of the complaint); *People v Foreman,* 161 Mich App 14, 23; 410 NW2d 289 (1987), app pending.

In this case, we are dealing with a five-year-old child who was threatened if he revealed the sexual contact. There are several indications of trustworthiness in his statements to his sister, i.e., the use of defendant's language, the meaning of which the child did not understand, and the description of physical appearance.

However, the record does not reveal, nor could it, the time lapse involved. The crime was charged as having occurred between November 1, 1984, and December 18, 1984, the date of report. It is apparent that the activity occurred more than once, but the victim did not know how many times it occurred. It is simply not possible on this record to find the second prong of the *Gee* test, that the statement was made before there has been time to contrive and misrepresent, particularly where it is impossible to delimit the time except to say it occurred within six weeks.

The prosecution strongly argues that the proper standard under the second prong, where the case involves young children, is not the *time* to contrive or misrepresent, but rather the *capacity* to do so. Thus, it argues that *Soles, supra,* p 438, uses the

following language in interpreting the second prong: "[S]he could remain so traumatized by the incident as to be *incapable* of contriving or misrepresenting the crimes committed to her person for a period of five days or longer." (Emphasis added.) Further, the prosecution relies on *In re Meeboer,* 134 Mich App 294, 302; 350 NW2d 868 (1984), wherein this Court used the following language in referring to a nine-year-old girl with an IQ of not more than 40: "It would be unreasonable to expect that a child of her age and mentality would . . . contrive or misrepresent as to sexual matters."

The essential problem with the prosecution's argument is that it asks this Court to import into the meaning of MRE 803(2) the very concepts embodied in the tender years exception, a proposition rejected by our Supreme Court in *Kreiner.*

Of course, on the other hand, the problem in accurately analyzing the facts of this case so as to apply precedential concepts from our Supreme Court is that those concepts are blurred at best and somewhat confusing. It might help to clarify the problem by using the pertinent language of MRE 803 creating exceptions to the rule prohibiting hearsay:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
> (1) Present Sense Impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.
> (2) Excited Utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

There is no exact counterpart to MRE 803(1) in

Michigan law prior to adoption of the Michigan Rules of Evidence. Wade & Strom, Michigan Courtroom Evidence (1985), p 404. There are also few Michigan prerules appellate cases dealing with the admissibility of present sense impressions, and those that exist analyze the matter under the common-law res gestae exception to the hearsay rule.

Analytically, there are two major differences between the rules. MRE 803(1) requires contemporaneity, but not excitement. MRE 803(2) requires excitement, but not contemporaneity. Obviously, time lapse is a factor bearing on admissibility, but the standard under the latter rule's express language is that time lapse will not alone render an excited utterance inadmissible so long as the declarant is still under the stress of the excitement caused by the event.

Again, analytically, there are three, and only three, elements for MRE 803(2): (1) a startling event; (2) a statement made by a declarant relating to that event; and (3) the statement must be made while the declarant is under the stress of excitement caused by the event. Under this analysis, the trial court properly admitted the testimony of the victim's sister because the record was adequate to show that declarant's statement was made under the continuing influence of the stress of excitement caused by the criminal sexual conduct.

However, in *Gee, supra,* our Supreme Court ruled that a statement made by a victim of criminal sexual conduct to her boyfriend while she was upset and crying within twelve to twenty hours of the alleged assault could not be admitted under MRE 803(2). The *Gee* Court added to the three elements set forth above the following elements for admissibility under the rule: (1) the startling

event must produce nervous excitement; (2) the declaration must be spontaneous; (3) the declaration must be unreflecting; and (4) the declaration must have been made before there has been time to contrive and misrepresent. *Id.,* p 282. Moreover, in analyzing the facts, the *Gee* Court alluded to "self-interest" as though that is a factor against admissibility and suggested that any delay between the event and the declaration must have a plausible explanation. *Id.,* p 283.

Subsequently, in *People v Morgan,* 418 Mich 916; 342 NW2d 523 (1984), the Court summarily, and without benefit of an opinion, reversed a conviction with a statement that a time lapse of three weeks renders the declaration inadmissible pursuant to MRE 803(2) and *Kreiner, supra.*

In *People v McConnell,* 420 Mich 852; 358 NW2d 895 (1984), the Court again summarily, and without benefit of an opinion, reversed a conviction for criminal sexual conduct wherein the victim was a six-year-old and the trial judge and this Court had agreed that the seven-day delay between the event and the declaration was explained by youth and fear. Our Supreme Court simply stated that the declaration lacked the requisite spontaneity pursuant to MRE 803(2) and *Kreiner.*

The disturbing aspect of *Kreiner* is in its selection of detail. On the one hand, it looks to the express words of the rules and finds that the tender years doctrine is not included as an exception to the hearsay rule. *Id.,* pp 377-378. On the other hand, it rejects the express words of MRE 803(2) which would allow a tender years application (there is always a startling event and the declaration always relates to it; the issue is whether the utterance was made while the declarant was under the stress of excitement caused by the event) and retreats to judicially created addi-

tional elements under which delay in complaint would, in general, render inadmissible the fact of complaint and the details. *Id.,* p 379.

The additional elements have a sound basis in previous law as limitations on the concept of excited utterances as that concept was judicially created within the res gestae exception to the hearsay rule. Of course, at that time, there was also a tender years exception under which time lapse was not fatal to admissibility. *Kreiner* accomplishes this despite the fact that commentators apparently see no problem in handling sex offense cases and the tender years exception under the doctrine of excited utterances with relaxed standards for admissibility. McCormick, Evidence (3d ed), § 297, p 859; 6 Wigmore, Evidence (Chadbourn rev), §§ 1760-1761, pp 240-246.

However, the responsibility of this Court is to apply the law commanded by our state's highest court. Under the additional elements judicially read into MRE 803(2) by our Supreme Court, the admission of the sister's testimony, under the aegis of MRE 803(2), was error.

Nevertheless, the admission of this testimony was not based solely on the excited utterance exception of MRE 803(2). The trial judge announced his ruling as being supported by four independent grounds.

First, the sister's testimony was admissible as evidence of a prior consistent statement offered to rebut the claim of recent fabrication. Clearly, the defense theory in this case was that the five-year-old victim had been coached by two police witnesses who were experts in the area of child sexual abuse. Defendant's claim was that the victim's in-court testimony was the product of such coaching by the police and by the prosecutor. The

victim's delay in making a report was argued as supporting this claim.

On cross-examination, defense counsel asked the victim about statements he made to the police and prosecutor, to his sister, Jessica, including, "What exactly did you tell Jessica that day?", and to his mother. Defense counsel thereafter clearly suggested that the victim made a prior inconsistent statement to the detective.

Clearly, the defense was attempting to show that the victim's claim of sexual abuse resulted largely from undue influence by adults, particularly the police. The prior consistent statement made to his sister before any police involvement rebutted the claim of fabrication. The statement was admissible for this limited purpose. *People v Edwards,* 139 Mich App 711; 362 NW2d 775 (1984).

Second, the trial judge ruled that the sister's testimony should be allowed because defense counsel opened the door by asking the victim, under circumstances that suggested inconsistencies, "What exactly did you tell Jessica that day?" The victim's answer, "That Ed touched my privates," clearly made the sister's testimony, ordinarily objectionable as hearsay, admissible substantively.

Third, the trial judge ruled that the fact of complaint, including perhaps the details, was admissible under *People v Baker,* 251 Mich 322; 232 NW 381 (1930), for the limited purpose of corroboration of the victim because a delay in reporting the assault is inherently impeaching.

Fourth, the trial judge ruled that the sister's testimony regarding the victim's statement was admissible under MRE 803(2) as an excited utterance.

While the latter two rulings were error under controlling precedent, *Kreiner, supra,* pp 377-379, the former two were correct. The defense, through

its cross-examination of all the witnesses, but especially the victim, made the issue of what the victim told his sister material. Clearly, the jury was entitled to hear that evidence in the light of the material positions of the parties.

Thus, under the alternative grounds recited by the trial judge to support admissibility, the introduction of the sister's testimony was not error. Even if the evidence was introduced in error, the error was harmless beyond a reasonable doubt. At trial, the victim testified not only about the events, but about what he had told his sister. The sister's subsequent testimony was cumulative. See *Soles, supra,* pp 438-439. We, therefore, find no grounds for reversal.

Defendant also claims that he was denied a fair trial because of prosecutorial misconduct. We disagree. Defendant did not object to any of the instances of alleged misconduct. The issue is therefore waived absent manifest injustice. *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977).

Our review of the record indicates that there was no prosecutorial misconduct in the present case. The prosecutor's line of cross-examination of defendant and the closing argument were responsive to matters raised by defendant. It is not error for a prosecutor to cross-examine a witness in response to matters brought forth on direct examination, MRE 611(b), or to comment upon the testimony, draw inferences from it and argue that the witness is not worthy of belief. *People v Buckey,* 424 Mich 1, 14-15; 378 NW2d 432 (1985). Therefore, we find no error.

Affirmed.