## PEOPLE v. GAY

1. RAPE—ELEMENTS OF CRIME—PENETRATION—EVIDENCE.

   Penetration, however slight, is sufficient to establish that element of the offense of rape and testimony of complainant that defendant pulled down her panties, got on top of her, put something in her, and made her bleed, together with testimony that there was sperm on her external genitalia, was sufficient to present question of penetration to jury (CLS 1961, § 750-.520).

2. SAME—WITNESSES—CHILD—TESTIMONY.

   Admission of testimony of kindergarten-age child that she saw complainant in rape prosecution in the alley where rape occurred on the date when it occurred was not prejudicial error, even if not proper, where it was largely a re-emphasis of nonprejudicial testimony already in evidence (CLS 1961, § 750.520).

3. CRIMINAL LAW—EVIDENCE—APPEAL AND ERROR.

   Failure of defendant to object to certain testimony at trial will, absent some unusual and compelling reason, preclude the Court of Appeals from considering alleged error in its admission.

4. SAME—STATEMENT BY PROSECUTOR—COMMENT ON DEFENDANT TESTIFYING.

   Objection by prosecutor in trial for rape to question asked of policewoman by defendant's counsel on cross-examination as to what she and defendant discussed, that defendant was "best evidence" of this, while improperly expressed, did not cause reversible error where there was no objection by defense counsel at the time and defendant later testified that he had denied his guilt to the officer (CLS 1961, § 750.520).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur, Rape § 3.
[2] 44 Am Jur, Rape § 106 et seq.
[3, 4] 5 Am Jur 2d, Appeal and Error § 545.

Appeal from Recorder's Court of Detroit, Groat (Gerald W.), J.   Submitted Division 1 October 10, 1968, at Detroit.   (Docket No. 4,225.)   Decided January 27, 1969.

Tommy Lee Gay was convicted of rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Walter Gibbs,* Assistant Prosecuting Attorney, for the people.

*Sydney L. Ruby,* for defendant on appeal.

PER CURIAM.   On April 17, 1967, defendant was found guilty by a jury of having committed rape. CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788).

On appeal defendant contends that reversible error occurred during the course of the trial in the following particulars: (1) there was no testimony presented to establish that an act of sexual intercourse occurred; (2) the testimony of a child of kindergarten age, who was not the victim, was admitted without a sufficient foundation being laid for its admission; (3) a witness was permitted to testify to statements which should have been excluded under the hearsay rule; and (4) the prosecutor allegedly commented on the failure of the defendant to take the stand.

(1) The 8-year-old victim testified that she went into an alley with defendant who pulled her panties down, put her on the ground, got on top of her, "put something in me" and "made me bleed." A doctor testified that he examined the complainant and conducted a smear test of substance found on her ex-

ternal genitalia which established that sperm was present.

In a rape case, penetration, however slight, is sufficient to establish that element of the offense. *People* v. *Scouten* (1902), 130 Mich 620. There was sufficient testimony presented by the prosecution to allow the jury to pass on this factual issue.

(2) The court examined the child witness of kindergarten age and made a determination that she could testify as a witness, notwithstanding the fact that she advised the judge that she did not know the meaning of the term "to tell the truth." From listening to all of the little girl's answers, the trial court ascertained to its own satisfaction that she would, in fact, tell the truth. CLS 1961, § 600.2163 (Stat Ann 1962 Rev § 27A.2163). Our examination of her entire testimony dicloses that she knew the complainant and could recall seeing her in the alley on the date in question. Additionally, she testified that she did not see anyone with the complainant other than the complainant's little sister. Assuming *arguendo* that the little girl should not have been permitted to testify, we find no prejudicial error in the admission of such testimony, which consisted largely of a re-emphasis of nonprejudicial testimony already in evidence.

(3) Defendant, through counsel, did not object to this testimony and first alleges error in its admission before this Court. The failure to object to the testimony, absent some unusual and compelling reason, precludes us from considering such alleged error. *People* v. *Dorrikas* (1958), 354 Mich 303; *People* v. *Lewis* (1967), 6 Mich App 447.

(4) The last assignment of error pertains to the cross-examination of the policewoman in charge of the case who talked with defendant. Defense counsel asked the policewoman what she and defendant dis-

cussed and the prosecutor objected on the basis that unless it was established that defendant was apprised of certain constitutional rights such statement was inadmissible. He additionally stated: "I will object further that the best evidence as to what the defendant told this policewoman is the defendant himself. Counsel is trying to get before the jury statements of the defendant." The court then said: "Well, don't make that statement." After this admonition by the court, the jury was immediately excused. Defense counsel then stated that he had wanted to get before the jury the fact that defendant denied his guilt.

Again, we note no objections in the record to the statement of the prosecutor. Subsequently, defendant did take the stand to avail himself of the right to testify and his testimony that he denied his guilt to the officer remained undisputed. While we believe the phraseology used by the prosecutor could best be expressed in different language, we do not believe that it caused reversible error. Unlike the factual situation in *Griffin* v. *California* (1965), 380 US 609 (85 S Ct 1229, 14 L Ed 2d 106), in the instant case defense counsel was attempting to offer defendant's conversation while denying the prosecution its right of cross-examination.

Affirmed.

J. H. GILLIS, P. J., and R. B. BURNS and KELLEY, JJ., concurred.