PEOPLE v COBB

Docket No. 51906. Submitted April 13, 1981, at Detroit.—Decided June 9, 1981.

Virgil Cobb was convicted by a jury in Recorder's Court of Detroit of voluntary manslaughter in connection with the death of his daughter and was sentenced, Samuel H. Olsen, J. Defendant appeals. *Held:*

1. Defendant's failure to object at the trial level to the trial court's admission of testimony of the defendant's five-year-old son on the basis of incompetency waived defendant's right to assert error on this issue on appeal.

2. A declaration made by the defendant's five-year-old son, who had witnessed the death of his sister, made one day after the death occurred was properly admitted into evidence under the excited utterance exception to the hearsay rule.

3. Admission of a typewritten synopsis of defendant's interview with a police officer did not violate the best evidence rule where the record shows that the typewritten synopsis was made contemporaneously with the interview.

Affirmed.

1. Appeal — Child Witnesses — Incompetency — Preserving Question.

Failure to object to the admission of the testimony of a child witness on the basis of incompetency waives the right to assert error on this issue on appeal.

---

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 545.

81 Am Jur 2d, Witnesses § 88.

Admissibility as evidence in civil cases of admissions by infants. 12 ALR3d 1051.

Competency of young child as witness in civil case. 81 ALR2d 386.

[2] 5 Am Jur 2d, Appeal and Error § 884.

[3] 81 Am Jur 2d, Witnesses §§ 92, 93.

[4] 29 Am Jur 2d, Evidence §§ 716, 728.

Declarant's age as affecting admissibility as res gestae. 83 ALR3d 1368.

[5] 29 Am Jur 2d, Evidence § 471.

2. APPEAL — CHILD WITNESSES.

A trial court's decision to allow a child witness to testify should not be disturbed on appeal in the absence of a showing of an *abuse of discretion.*

3. WITNESSES — CHILD WITNESSES — COMPETENCY — RULES OF EVIDENCE.

A child witness is competent to testify where the trial court, after examining the child, ascertains to its own satisfaction that the child will tell the truth; a subsequent showing of the child's inability to testify truthfully reflects on credibility, not competency (MRE 601).

4. EVIDENCE — HEARSAY RULE — EXCITED UTTERANCE — RULES OF EVIDENCE.

A child's declaration made one day after he witnessed the death of his sister was properly admitted into evidence under the excited utterance exception to the hearsay rule where the child was still suffering from the nervous excitement of witnessing his sister's death at the time the declaration was made and the declaration was made spontaneously (MRE 803.2).

5. EVIDENCE — BEST EVIDENCE RULE — TYPEWRITTEN STATEMENTS — RULES OF EVIDENCE.

The best evidence rule was not violated by the admission of a typewritten synopsis of a police officer's interview with a criminal defendant where the typewritten synopsis was made contemporaneously with the interview and no other notes were taken of the interview (MRE 1002).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Kenneth E. Rosen (Raymond L. Miller,* of counsel), for defendant on appeal.

Before: R. M. MAHER, P.J., and R. B. BURNS and M. J. KELLY, JJ.

PER CURIAM. Defendant was charged with second-degree murder, MCL 750.317; MSA 28.549, in

connection with the death of his daughter. On January 24, 1980, defendant was convicted by a jury of the crime of voluntary manslaughter, MCL 750.321; MSA 28.553. He was sentenced to a prison term of from 10 to 15 years and appeals as of right.

Defendant first argues that the trial court erred in permitting his five-year-old son to testify. Defendant contends that the trial court abused its discretion in finding the witness to be competent on the basis that the trial court's examination of the witness cast doubt on his ability to testify truthfully and understandingly. See MCL 600.2163; MSA 27A.2163, MRE 601.

In *People v McNeill,* 81 Mich App 368, 377; 265 NW2d 334 (1978), this Court held that a defendant's failure to object to the admission of the testimony of a child witness as incompetent waived his right to assert error on appeal. See, also, *People v Gay,* 15 Mich App 484; 166 NW2d 618 (1969), *People v Dorrikas,* 354 Mich 303; 92 NW2d 305 (1958), *People v Lewis,* 6 Mich App 447; 149 NW2d 457 (1967). In the instant case defendant did not object to his five-year-old son's testimony at trial. Accordingly, this issue has been waived.

Even if a timely objection had been made, there is no clear demonstration that the trial court abused its discretion. Absent such a showing, the trial court's decision should not be disturbed. *People v Minchella,* 268 Mich 123; 255 NW 735 (1934). The court examined the witness (who was of kindergarten age) and determined he was competent to testify notwithstanding his reluctance to respond to some of the questions. From listening to all of the boy's answers, the trial court ascertained to its own satisfaction that he would tell the truth.

See *Gay, supra,* 486. This comports with the requirements of MRE 601. A subsequent showing of the child's inability to testify truthfully reflects on credibility, not competency.

Next, defendant asserts that testimony regarding a statement made one day after the event by a five-year-old declarant who witnessed the death of his sister was hearsay and improperly admitted. The statement was admitted as an excited utterance. MRE 803(2). Defendant argues that the lapse of one day dissipated the nervous excitement and, therefore, reliance on this exception to the hearsay rule was not appropriate.

This Court, in *People v Lovett,* 85 Mich App 534; 272 NW2d 126 (1978), held that the declarations made by a three-and-a-half-year-old child one week after the event were excited utterances. In reaching this conclusion, the Court examined two factors. First, whether the event which was the subject of the declaration was sufficiently startling to have created nervous excitement lasting for a week, and second, whether the statements were spontaneous or in response to prompting questions. *Id.,* 544.

In the present case, the witness testified that the statement was made one day after the victim's death. The declarant was described as "upset and nervous, and like he was shaking and everything". When asked by the court if this utterance was in response to a question or if it was spontaneous, the witness said "[h]e just came out and said it. I didn't ask him nothing".

These indicia of reliability are sufficiently strong. The child was still suffering from the nervous excitement of witnessing his sister's death. His statement was blurted out spontaneously. It was, therefore, proper to admit the declarant's statement under MRE 803(2).

Defendant also argues that the best evidence rule was violated when the court admitted a typewritten synopsis of his interview with a police officer instead of the actual notes taken during the interrogation. The record, however, indicates that there were no such notes. Defendant's typed statement was made contemporaneously with the interview and, therefore, is the best evidence. MRE 1002.

Two other issues were raised by defendant. Neither issue, however, was properly preserved for appellate review. See *People v Cage,* 83 Mich App 534, 538; 269 NW2d 213 (1978), *People v Lytal,* 96 Mich App 140, 153; 292 NW2d 498 (1980).

Affirmed.