PEOPLE v KASBEN

Docket No. 88702. Submitted February 5, 1987, at Grand Rapids. Decided March 2, 1987.

William M. Kasben was convicted of first-degree criminal sexual conduct following a jury trial in the Grand Traverse Circuit Court, Charles M. Forster, J. Defendant appeals, alleging that he was denied the right to confrontation and the effective assistance of counsel when the four-year-old victim was allowed to testify at the preliminary examination over a closed-circuit television transmission which defendant was allowed to view from a separate room. Defendant also alleges that both the district court and the circuit court abused their discretion when they found the victim competent to testify.

The Court of Appeals *held:*

1. The procedures used in this case were sufficient to protect the defendant's rights.

2. Defendant was not deprived of his right to effective assistance of counsel.

3. There was no abuse of discretion by either the district court or the circuit court in concluding that the victim was competent to testify.

Affirmed.

1. Constitutional Law — Right of Confrontation — Assistance of Counsel — Closed-Circuit Television.

A defendant is not deprived of his right to confrontation or the effective assistance of counsel where the four-year-old victim of criminal sexual conduct is allowed to testify at defendant's preliminary examination over a closed-circuit television transmission which the defendant is allowed to view from a separate

References

Am Jur 2d, Criminal Law §§ 720 *et seq.;* 956 *et seq.*

Am Jur 2d, Witnesses § 140.

Accused's right to counsel under the Federal Constitution. 2 L Ed 2d 1644.

Propriety of allowing absent witness to be examined over closed-circuit television. 80 ALR3d 1212.

See also the annotations in the Index to Annotations under Competency of Witnesses.

room while it is taking place, where the defendant is provided with a pad and pencil so that he can make notes and where the defendant is allowed to confer, as necessary, with his attorney, who is present during such testimony and a recess is called during such conferences (US Const, Am VI; Const 1963, art 1, § 20).

2. Constitutional Law — Right of Confrontation.

The right to confrontation is not an absolute right and may be required to bend to other compelling state interests (US Const, Am VI; Const 1963, art 1, § 20).

3. Witnesses — Competency of Witnesses — Appeal —Rules of Evidence.

Every person is generally competent to be a witness unless the court finds after questioning the person that he does not have sufficient physical or mental capacity or sense of obligation to testify truthfully and understandably; a trial court's decision that a person is competent to testify is reviewable only to determine whether there was an abuse of discretion (MRE 601).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. Foresman,* Prosecuting Attorney, and *Raymond O. Howd,* Assistant Attorney General, for the people.

*James M. Hunt,* for defendant on appeal.

Before: D. F. Walsh, P.J., and J. H. Gillis and K. B. Glaser,* JJ.

Per Curiam. Following a jury trial, defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). Defendant appeals as of right. We affirm.

Defendant first claims that he was denied his right to confrontation when the four-year-old victim was allowed to testify at the preliminary examination over a closed-circuit television transmission which defendant was allowed to view from a separate room. US Const, Am VI; Const 1963, art

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1, § 20. Initially, defendant was scheduled for a preliminary examination; however, despite efforts by the prosecution, the victim was unwilling to tell his story in defendant's presence. Defendant had been living in the victim's family's house trailer and was accused of molesting the victim when others were away from the trailer and defendant was babysitting the victim and his infant sister. The trial court adjourned the scheduled preliminary examination at the prosecutor's request.

Subsequently, the trial court suggested that this case would be an appropriate one to use a closed-circuit camera to transmit the victim's testimony. At a hearing to determine the victim's competency to testify, the victim again refused to talk about the incident. The victim expressed concern that defendant would hear what he was saying. The victim's stepmother stated that the victim did not want to discuss the incident in the presence of any males. When told that he would be on television and that defendant would not be present, the victim agreed to tell his story because "he [defendant] won't get me."

The trial court noted that this was an extreme case where the child would not testify if defendant was present and, therefore, the state's compelling interest in pursuing cases of this nature and protecting the child would justify a closed-circuit television procedure. The trial court further noted that it would protect defendant's right to confrontation in every way possible. Hence, the trial court stated that defendant would be allowed to view the victim's preliminary examination testimony while it was taking place and would be provided with a pad and pencil so that he could make notes. Moreover, defendant would be allowed to confer with his attorney as necessary to suggest a question or

a line of questioning. At these times, a recess would be called.

On April 1, 1985, the preliminary examination was held. The victim was seated in the courtroom. The judge, the prosecutor, the defense attorney and the cameraman were also present. It is unclear whether the stenographer was also present. In any event, defendant was in the judge's chambers with an officer and was able to view *and* hear the proceeding live through a closed-circuit television setup. Defendant was provided with pencil and paper so that he could make notes during the victim's testimony. At the conclusion of the direct examination, defendant was given an opportunity to confer with his attorney. Defense counsel cross-examined the victim.

At trial, however, the victim did testify in defendant's presence. As noted above, defendant was convicted.

Having reviewed a substantial number of cases on the confrontation issue raised by defendant, we find that the right to confrontation is not an absolute right and may bend to other compelling interests such as those presented in this case. See and compare *People v Arenda,* 416 Mich 1, 7-13; 330 NW2d 814 (1982), reh den 417 Mich 1105 (1983); *People v Henderson,* 132 Misc 2d 51; 503 NYS2d 238 (1986); *People v Algarin,* 129 Misc 2d 1016; 498 NYS2d 977 (1986); *People v Johnson,* 146 Ill App 3d 640; 100 Ill Dec 330; 497 NE2d 308 (1986); *State v Warford,* 223 Neb 368; 389 NW2d 575 (1986); *State v Daniels,* 484 So 2d 941 (La App, 1986). Cf., *In the Matter of the Appeal in Pinal County Juvenile Action Nos J-1123 and J-1124,* 147 Ariz 302; 709 P2d 1361 (1985); *Kansas City v McCoy,* 525 SW2d 336 (Mo, 1975). The procedures used in this case were sufficient to protect this defendant's rights. *Id.*

Defendant also claims that he was denied his constitutional right to effective counsel because he was incapable of speaking with defense counsel while the victim testified. US Const, Am VI; Const 1963, art 1, § 20. In *Johnson, supra,* 497 NE2d 315, in discussing this claim, the court held:

> As we have noted, defendant was provided with a recess for the purpose of conferring with counsel prior to cross-examination, and with the means to take notes so he would not have to rely on his memory. A defendant's freedom to consult with counsel during trial is not absolute. It is limited to a degree by the trial judge's responsibility to maintain decorum and enforce order. (*People v Lewis,* 53 Ill App 3d 89, 95; 11 Ill Dec 68, 73; 368 NE2d 619, 624 [1977].) In the unusual case at bar, in view of the apparent timidity of the minor witnesses it was doubly important that defendant not interrupt their testimony by conversation. Since defendant was not necessarily entitled to confer with counsel during actual testimony, and since defendant does not claim he was prevented from conferences during the break in the testimony, we find no abridgment of defendant's right to counsel at trial.

We agree with the *Johnson* court's reasoning and hold that here, where a procedure similar to the one employed in *Johnson* was used, defendant was not deprived of his right to effective assistance of counsel. Cf., *People v Landrum,* 14 Mich App 237; 165 NW2d 292 (1968).

Finally, defendant claims that both the district court and the circuit court abused their discretion when they found the victim competent to testify. Generally, every person is competent to be a witness in this state unless the court finds after questioning a person that he does not have sufficient physical or mental capacity or sense of obli-

gation to testify truthfully and understandably. MRE 601. See also *People v Draper,* 150 Mich App 481, 488; 389 NW2d 89 (1986). A trial court's decision that a person is competent to testify is reviewable only to determine whether there was an abuse of discretion. *Id.; People v Cobb,* 108 Mich App 573, 575; 310 NW2d 798 (1981). The record in this case supports both the circuit court's and the district court's conclusion that the four-year-old victim was competent to testify; there was no abuse of discretion. *Id.*

Furthermore, we find defendant's contention that the circuit court did not rule on the victim's competency until after the jury verdict was rendered to be without merit. At the conclusion of trial, defense counsel asked the court to explicitly state its findings on the victim's competency to testify although such a finding was implicit in its decision to allow the victim to testify. Before the victim testified, the trial court questioned him as to his ability to tell the truth. When the victim indicated that he would tell the truth, he was allowed to testify. We agree that at that time the trial court implicitly ruled on the victim's competency. Its later statements on the issue were made at defense counsel's request even though it had already ruled on the issue.

Affirmed.