PEOPLE v JEHNSEN

Docket No. 108145. Submitted November 9, 1989, at Lansing. Decided April 16, 1990.

Jeffrey M. Jehnsen was convicted of second-degree criminal sexual conduct at the conclusion of a jury trial in Clinton Circuit Court, Randy L. Tahvonen, J. Defendant thereafter pled guilty of being an habitual offender, second offense, and was sentenced accordingly. Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in allowing the four-year-old victim to testify. The court properly determined that the child was competent following questioning designed to determine whether she had the capacity to testify truthfully and whether she understood the obligation to testify truthfully. The court properly instructed the jury that a witness' age and manner of testifying are factors to be considered when weighing a witness' credibility.

2. The trial court did not abuse its discretion in denying defendant's motion for the sequestration of the victim's mother. The victim's testimony was not improperly influenced by the mother's presence in the courtroom and the instances in which the mother was nodding or shaking her head while the child was testifying had no effect on the child's testimony.

3. The trial court did not abuse its discretion in denying defendant's motion for a new trial, which motion was brought on the basis of the mother's nonsequestration and her conduct as described above.

Affirmed.

1. WITNESSES — CHILD WITNESSES — COMPETENCY.

A child witness is competent to testify where the trial court, after examining the child, ascertains to its own satisfaction that the child will tell the truth; a subsequent showing of the child's

REFERENCES

Am Jur 2d, New Trial §§ 84-86; Rape § 101; Trial §§ 61, 62; Witnesses §§ 88-93.

See the Index to Annotations under Children; Exclusion from Courtroom; New Trial; Rape; Witnesses.

inability to testify truthfully reflects on credibility, not competency (MCL 600.2163; MSA 27A.2163; MRE 601).

2. WITNESSES — CHILD WITNESSES — COMPETENCY — APPEAL.
    A trial court's decision to allow a child witness to testify will not be reversed on appeal absent an abuse of discretion.

3. RAPE — CRIMINAL SEXUAL CONDUCT — TESTIMONY BY VICTIM — SUPPORT PERSON.
    An alleged victim of criminal sexual conduct who is called upon to testify may be permitted to have a support person to be in close proximity during her testimony (MCL 600.2163a[4]; MSA 27A.2163[1][4]).

4. WITNESSES — SEQUESTRATION OF WITNESSES.
    The decision whether to order the sequestration of a witness is left to the discretion of the trial court.

5. NEW TRIAL — MOTION FOR NEW TRIAL.
    A trial court may grant a new trial whenever the substantial rights of all or some of the parties are materially affected by an irregularity in the proceedings or where an order of the court or an abuse of discretion denied the moving party a fair trial (MCR 2.611[A][1][a]).

6. CRIMINAL LAW — MOTION FOR NEW TRIAL.
    A motion for a new trial in a criminal case may be granted on any ground which would support appellate reversal of a conviction or because the verdict resulted in a miscarriage of justice (MCR 6.431[B]).

7. NEW TRIAL — MOTION FOR NEW TRIAL — APPEAL.
    A trial court's decision on a motion for a new trial will not be reversed on appeal absent a clear abuse of discretion.

*Frank J. Kelley,* Attorney General, *Jon W. Newman,* Prosecuting Attorney, and *Mary C. Pino,* Assistant Prosecuting Attorney, for the people.

*Lester O. Pollak,* for defendant.

Before: WEAVER, P.J., and BRENNAN and NEFF, JJ.

NEFF, J. Following a jury trial, defendant was convicted of second-degree criminal sexual con-

duct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). Defendant thereafter pled guilty to being an habitual offender, second offense, MCL 769.10; MSA 28.1082. Defendant was sentenced to 3 to 22½ years of imprisonment. We affirm.

I

Defendant first contends that the trial court erred in finding the four-year-old victim competent to testify.

Every person is competent to be a witness unless the court finds after questioning that such a person "does not have sufficient physical or mental capacity or sense of obligation to testify truthfully and understandably." MRE 601. The testimony of a witness under ten years of age is governed by MCL 600.2163; MSA 27A.2163, which provides, in pertinent part:

Whenever a child under the age of 10 years is produced as a witness, the court shall by an examination made by itself publicly, or separate and apart, ascertain to its own satisfaction whether such child has sufficient intelligence and sense of obligation to tell the truth to be safely admitted to testify.

The purpose of this statute is to insure that a child under the age of ten years has sufficient intelligence and a sense of obligation to testify truthfully. *People v Garrison,* 166 Mich App 557, 559; 420 NW2d 851 (1988).

Defendant contends that the victim's inability to testify at the morning session and her sometimes confusing and contradictory answers on the stand were sufficient to render her testimony incompetent.

Here, the trial court, after a hearing on the

matter, determined that the victim was competent to testify. A trial court's decision to allow a child witness to testify will not be reversed absent an abuse of discretion. *People v Cobb,* 108 Mich App 573, 575; 310 NW2d 798 (1981). Moreover, when a trial court determines to its satisfaction that a child witness is competent to testify, a subsequent showing that the child is unable to testify truthfully reflects only on the witness' credibility, not competency. *Cobb, supra,* p 576.

Here, the trial court determined that the witness was competent following questioning designed to determine whether she had the capacity to testify truthfully and whether she understood the obligation to testify truthfully. The jury was also instructed on the factors to include in weighing a witness' credibility and were told that age and manner of testifying were factors to be considered. Under these circumstances, the trial court did not abuse its discretion in allowing the victim to testify.

II

Defendant also contends that the trial court abused its discretion in denying his motion to order the sequestration of the victim's mother because the victim's testimony was influenced by the mother's presence.

A trial court may, for good cause shown, exclude witnesses from the courtroom when they are not testifying. MCL 600.1420; MSA 27A.1420. MRE 615 also provides that a trial court may order witnesses excluded so that they cannot hear the testimony of other witnesses except in the case of a person whose presence is shown by a party to be essential to the presentation of his cause. However, MCL 600.2163a(4); MSA 27A.2163(1)(4) allows

a support person to be in close proximity to a witness during his or her testimony in criminal sexual conduct cases.

The decision whether to order the sequestration of a witness is left to the discretion of the trial court. *People v Cutler*, 73 Mich App 313, 315; 251 NW2d 303 (1977).

Here, defendant made a pretrial motion to sequester witnesses, which the trial court granted pending "a request for some support person to be in the room." At trial, the victim's mother testified very briefly. Following her testimony, the trial court granted the prosecution's request to allow the mother to remain in the courtroom during the victim's testimony because the victim was reticent to testify without the mother's presence. Despite the presence of her mother, however, the victim was unable to testify and was excused.

After a recess, the victim was recalled to the stand and was able to testify. However, during cross-examination of the victim, defendant told defense counsel that the victim's mother was nodding her head and that the victim would look at her before answering. Following a conference at the bench, the victim's cross-examination continued.

After the jury returned its verdict, the trial court held a hearing at which the bench conference during the victim's cross-examination was explained. Defendant stated that both the victim's mother and aunt were nodding and shaking their heads in response to the questions asked of the victim and that the victim would look at them before answering. The court clerk, Linda Horvath, testified that she noticed three or four instances during the victim's cross-examination where the victim's mother nodded her head, indicating either "yes" or "no." Horvath did not see this occur

during direct examination. Horvath also testified that she could not see the victim and did not know whether she was watching her mother. The victim's mother, testified that she did not feel that she was gesturing to her daughter, but only to herself, and that she was shaking her head because her daughter was giving an incorrect answer. The mother also stated that her daughter was not looking at her, and she was not looking at her daughter, but, rather, was looking down at the floor. Horvath was recalled and testified that the mother was not looking down, but, rather, straight ahead.

After sentencing, a hearing on defendant's motion for a new trial on the basis of the mother's actions during the victim's cross-examination was heard and denied by the trial court. The trial court found that the victim's mother did engage in nonverbal behavior which could have communicated the mother's judgment of the appropriate answers to questions on cross-examination. However, the trial judge went on to explicitly find that:

> [N]othing of substance was said by the child following the one or two occasions in which the mother engaged in the conduct. . . . I think it is clear that there is no showing of a correlation between the conduct and the testimony.

A trial court may grant a new trial whenever the substantial rights of all or some of the parties are materially affected by an irregularity in the proceedings or where an order of the court or an abuse of discretion denied the moving party a fair trial. MCR 2.611(A)(1)(a). Such a motion may be granted on any ground which would support appellate reversal of a conviction or because the verdict resulted in a miscarriage of justice. MCR 6.431(B).

A decision on a motion for a new trial will not be reversed absent a clear abuse of discretion. *People v Bradshaw,* 165 Mich App 562, 567; 419 NW2d 33 (1988).

After having reviewed the trial court record and the briefs of the parties, we are unconvinced that the trial court abused its discretion in denying defendant's motion to sequester the victim's mother or in denying defendant's motion for a new trial. We agree with the trial judge that a new trial would be warranted only if the evidence established a link between the conduct of the mother and the testimony of the child. The finding by the trial judge that there was no such link is supported by the record and, accordingly, the decision denying the motion for new trial was neither in error nor an abuse of discretion.

Affirmed.