PEOPLE v DRAPER (ON REMAND)

Docket No. 135973. Submitted December 26, 1990, at Lansing. Decided March 19, 1991, at 9:00 A.M. Leave to appeal denied, 439 Mich —.

Timothy P. Draper was convicted of first-degree criminal sexual conduct following a jury trial in the Bay Circuit Court, William J. Caprathe, J. He appealed, and the Court of Appeals affirmed. 150 Mich App 481 (1986). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for reconsideration in light of *People v Beckley,* and its companion case, *People v Badour,* 434 Mich 691 (1990). 437 Mich 872 (1990).

The Court of Appeals, on remand, *held:*

The expert witnesses properly testified about the characteristics normally found in sexually abused children. However, the experts also testified that, in their opinion, the victim in this case had been sexually abused, testimony prohibited under *Beckley.*

Reversed and remanded.

WITNESSES — EXPERT TESTIMONY — CRIMINAL SEXUAL CONDUCT.

An expert witness may testify in a trial of first-degree criminal sexual conduct that the behavior of the child victim is consistent with that of child sexual abuse victims generally, but may not testify about whether the child victim's allegations are truthful, or whether sexual abuse in fact occurred.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Stuart Lev* and *F. Michael Schuck*), for the defendant on appeal.

REFERENCES

Am Jur 2d, Expert and Opinion Evidence § 197; Infants §§ 16, 17.5. See the Index to Annotations under Expert and Opinion Evidence.

ON REMAND

Before: Cynar, P.J., and Wahls and Gribbs, JJ.

Per Curiam. Following a jury trial, defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and was sentenced to a term of twenty to fifty years' imprisonment. On appeal, we affirmed. *People v Draper,* 150 Mich App 481; 389 NW2d 89 (1986). However, by order of the Supreme Court, in lieu of granting leave to appeal, this case was remanded to the Court of Appeals for reconsideration in light of *People v Beckley,* 434 Mich 691; 456 NW2d 391 (1990), and its companion case of *People v Badour.* 437 Mich 872 (1990). Upon reconsideration, we reverse.

In *Beckley,* a plurality decision, a majority of the Supreme Court agreed that an expert witness may testify that the behavior of the child victim is consistent with that of child sexual abuse victims generally. However, the expert may not testify about whether the victim's allegations are truthful, or whether sexual abuse in fact occurred.

In this case, the experts, Rosemary Jalovaara and Linda Butterfield, both psychologists, testified about characteristics normally found in sexually abused children. Under *Beckley,* that testimony was proper because it assists the trier of fact without rendering an opinion regarding whether abuse had in fact occurred.

However, both experts went on to conclude that, in their opinion, the victim in this case had been sexually abused. We feel that this is the kind of testimony prohibited under *Beckley.* These opinions go beyond merely relating whether the victim's behavior is consistent with that found in

other child sexual abuse victims. They are opinions on an ultimate issue of fact, which is for the jury's determination alone.

Consequently, defendant's conviction is reversed, and we remand this case for a new trial. We do not retain jurisdiction.