PEOPLE v JAMES

Docket No. 104234. Submitted October 19, 1989, at Lansing. Decided
February 6, 1990. Leave to appeal applied for.

Patrick W. James was convicted of second-degree criminal sexual
conduct involving a three-year-old girl following a jury trial in
the Eaton Circuit Court, Patrick H. McCauley, J. The trial
court, departing from the range recommended by the sentenc-
ing guidelines, imposed a sentence of ten to fifteen years of
imprisonment. Defendant appealed.

The Court of Appeals *held:*

1. The testimony of an expert in child sexual abuse as to
statements made by the complainant in connection with medi-
cal treatment or diagnosis was properly admitted under the
hearsay exception for statements made for purposes of medical
treatment or diagnosis.

2. Error in the admission of those parts of the testimony by
the child sexual abuse expert which served to vouch for the
complainant's veracity was harmless in light of the trial judge's
instruction to the jury to disregard such testimony.

3. No error resulted from the admission of opinion testimony
by the child sexual abuse expert indicating that the complain-
ant had been a victim of sexual abuse.

4. The presentation of the complainant's testimony through
the use of videotape did not violate defendant's right of con-
frontation in light of the trial judge's finding that it was
necessary to isolate the complainant from defendant in order to
allay the complainant's fear of testifying and to prevent the
loss of the complainant's testimony.

5. The courtroom arrangement was not inherently prejudicial
to defendant nor did it serve to erode the presumption of
innocence.

6. There is no merit in defendant's claim that improprieties
surrounding the presentence report entitle him to a resentenc-

REFERENCES

Am Jur 2d, Criminal Law § 960; Expert and Opinion Evidence
§§ 228-230, 255; Infants § 17.5.

See the Index to Annotations under Abuse of Persons; Expert and
Opinion Evidence; Hearsay; Rape; Videotapes.

ing. The trial judge's departure from the sentencing guidelines was supported by the reasons stated on the record, and the sentence was an appropriate response to the crime and the criminal.

Affirmed.

1. EVIDENCE — HEARSAY — EXCEPTIONS — MEDICAL TREATMENT OR DIAGNOSIS.

Testimony by an expert in child sexual abuse as to statements made by a child to the expert in connection with medical treatment or diagnosis is not precluded by the hearsay rule (MRE 803[4]).

2. RAPE — EXPERT WITNESSES.

An expert in child sexual abuse may not lend his expert testimony as to the crucial issue of whether or not an alleged victim of criminal sexual conduct was actually raped at a specific time and place; however, the expert can testify that he saw nothing in the alleged victim which was inconsistent with the profile of a victim of sexual abuse.

3. CONSTITUTIONAL LAW — RIGHT OF CONFRONTATION — INFANTS — VIDEOTAPED TESTIMONY.

A defendant charged with criminal sexual conduct involving a four-year-old complainant is not deprived of his right of confrontation where the testimony of the complainant is presented to the jury through the use of videotape following a finding by the trial judge that it is necessary to isolate the complainant from the defendant in order to allay the complainant's fear of testifying and to prevent the loss of the complainant's testimony.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *G. Michael Hocking,* Prosecuting Attorney, and *William M. Worden,* Assistant Prosecuting Attorney, for the people.

*Robert F. Davisson,* for defendant on appeal.

Before: DANHOF, C.J., and MACKENZIE and R. E. ROBINSON,* JJ.

PER CURIAM. Following a jury trial, defendant

* Former circuit judge, sitting on the Court of Appeals by assignment.

was found guilty of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), and was sentenced to from ten to fifteen years of imprisonment, the statutory maximum, MCL 750.520c(2); MSA 28.788(3)(2). In this appeal, brought as of right, defendant raises a number of issues challenging both his conviction and the sentence imposed. We affirm.

In April of 1986, the three-year-old victim went to visit her grandmother and, while being bathed, complained of discomfort in her vaginal area. The victim was examined by a pediatrician and the examination revealed substantial physical evidence of sexual abuse. The victim was then interviewed by an expert in child sexual abuse and the expert testified at trial that it appeared to her that the victim was not relating incidents that were implanted or suggested by anyone. In fact, the expert felt that the victim's consistency indicated that she was telling the truth. When defendant objected to this testimony, the court instructed the jury that, if there was any suggestion that the witness was vouching for the victim's veracity, the suggestion would have to be disregarded. The testimony resumed and the expert stated that, after conducting three interviews with the victim, she was reasonably certain that sexual abuse had occurred. Defendant claims that the expert's testimony was inadmissible hearsay, invaded the province of the factfinder and impermissibly vouched for the veracity of the victim.

The defendant's argument that the expert's testimony should have been excluded as hearsay is without merit because the statements were made by the victim to the expert as part of her diagnosis and treatment. *In re Freiburger,* 153 Mich App 251, 257; 395 NW2d 300 (1986); MRE 803(4). Secondly, although the expert did vouch for the vic-

tim's veracity, we consider this error harmless in light of the very thorough and repeated curative instruction given to the jury.

As to the ultimate decision reserved for the factfinder, the expert gave her professional opinion as to whether sexual abuse had occurred but did not testify that the abuse took place at a specific time or place. *People v Wells,* 102 Mich App 558, 562; 302 NW2d 232 (1980), lv den 417 Mich 916 (1983). Although a witness is not permitted "to lend his expert opinion testimony as to the crucial issue of whether or not [the victim] was actually [abused] at a specific time and place," *People v McGillen #2,* 392 Mich 278, 285; 220 NW2d 689 (1974), the expert may testify that he "saw nothing in complainant which was inconsistent with the profile of a . . . victim [of sexual abuse]." *People v Stull,* 127 Mich App 14, 19; 338 NW2d 403 (1983). Furthermore, it is "well-established that expert opinion testimony will not be excluded simply because it concerns the ultimate issue . . . ." *People v Smith,* 425 Mich 98, 106; 387 NW2d 814 (1986); MRE 704.

At trial, the victim, then four years old, was called to the stand. When she appeared reluctant to testify, the trial judge asked a series of questions and the victim's answers and her demeanor led the judge to conclude that she was afraid to testify. The judge then ruled that the victim's testimony would be taken in a separate room where she would be isolated from the defendant and presented to the jury through videotape. Defendant contends that the judge's questioning of the witness and his decision to allow her to testify by videotape violated his right to confront his accusers and his due process right to a fair trial. We disagree.

In *Coy v Iowa,* 487 US —; 108 S Ct 2798, 2800;

101 L Ed 2d 857 (1988), the majority held "that the Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." Although characterized as an absolute right, the *Coy* opinion suggests that exceptions may exist when necessary to further an important public policy. 108 S Ct 2803. However, any possible exception, when not firmly rooted in the state's jurisprudence, must be based on an individualized finding of need. *Id.*

In the present case, the trial judge was diligent enough to base his decision on an individualized finding of need. The exchange of questions and answers between the trial judge and the victim demonstrated the real possibility that her testimony might have been lost had she not been isolated from the defendant. Furthermore, this state's interest in protecting a child witness, a victim of sexual abuse, is clearly an important public policy. Because this Court has already expressed a willingness to interpret the right of confrontation in less than absolute terms, *People v Kasben,* 158 Mich App 252, 255; 404 NW2d 723 (1987), we find no merit in defendant's second claim.[1]

Nor do we agree that the courtroom arrangement, challenged as inherently prejudicial, posed "an unacceptable risk" of impermissible factors coming into play, thereby eroding the presumption of defendant's innocence. *Estelle v Williams,* 425 US 501, 505; 96 S Ct 1691; 48 L Ed 2d 126 (1976).

Defendant's final claim is that the impropriety surrounding the presentence report and the length of the sentence imposed entitles him to resentenc-

---

[1] We note that our state Legislature has enacted MCL 600.2163(a)(13); MSA 27A.2163(1)(13), which authorizes the use of videotape depositions under circumstances similar to those in this case. The statute became effective on January 1, 1988, six months after defendant's trial, and thus is not controlling here.

ing. In this case, the sentencing judge accurately stated his reasons for departing from the guidelines and considered appropriate factors in reaching his decision. The sentence is within the statutory maximum and was recommended by the probation department. In light of the appalling facts of this case, we find that defendant's sentence was an appropriate response to the crime and the criminal. *People v Coles,* 417 Mich 523, 543; 339 NW2d 440 (1983). We also find no merit in defendant's argument that the appearance of impropriety entitles him to resentencing. *People v Noble,* 152 Mich App 319, 328; 393 NW2d 619 (1986), lv den 427 Mich 854 (1986).

Affirmed.